By the Court, Ingraham, P. J.
The plaintiff delivered to the defendant’s company two boxes of merchandise, for transportation, marked “A. King, Clifton House, Windsor, ¡NT. S.,” with the additional words and *453 letters following, “C. O. D. $375 from Turner’s express, Boston, Mass.”
The express company transported the packages to Boston and delivered them to Turner’s express company, but did not, at the time, receive the amount to be collected. They afterwards applied to Turner’s express company for the money, but were unable to collect it from them, in consequence of the failure of that company. Upon the trial of the cause, the plaintiff gave evidence to explain the terms used in the direction, to which the defendant excepted. The referee found for the defendant.
If the terms used were not such as could be ordinarily understood without explanation, evidence to show what the common understanding of them was, among express companies^ was proper.
Ho such use of the words is shown as to warrant the belief that they could be so understood; and although some persons may, from the use of these terms in their business, have become familiar with them, still to persons not accustomed to them use, some of the terms would be meaningless, unless explained by evidence.
There is more difficulty as to the propriety of admitting evidence of usage among express companies as to such instructions; and in the absence of proof that the plaintiff was acquainted with such usage, I should doubt as to the propriety of admitting it. But it was in proof that the plaintiff knew of the- existence of the custom as applying within the United States. With such knowledge on his part, he must be supposed to contract in reference to the usage, and the evidence on that point was admissible. There was, therefore, no error on the part of the referee, either in the explanation of the terms used, or in the proof of the usage where packages were sent with such directions.
The plaintiff claims that the defendant was bound to *454 collect from the express company at the time of delivery, and before the goods reached the consignee.
[First Department, General Term, at New York,
January 6, 1873.
Ingraham and Fancher, Justices.]
The evidence of usage shows that such was not the custom where the directions were “ C. O. D. on delivery,” and that' in snch cases the goods were to be delivered by one company to the next one, to be carried to the consignee, and the last company was to collect from the consignee, and return to the vendor through the company to which the package was first delivered.
The form used in this case appears to have been unusual, but the witnesses who were examined as to usage testified that they understood this direction as intending the same thing; that Turner’s express was named as the connecting link ; and that the defendants were not bound to collect from that company until after the goods had been received from the express company by the consignee.
If this evidence was properly admitted, the finding of the referee is amply warranted by it. There may be some doubt upon this question, whether the usage in the ordinary direction to collect on delivery, could control under the special direction given here to collect from Turner’s express company.
It seems, however, so improbable that any company would advance so large a sum for the purpose of merely carrying the freight, and take the risk of payment by the consignee, that we are inclined to think the construction given by the referee was the correct one.
The offer of testimony after the defendant rested was addressed to the discretion of the referee. It should have been given before, and his refusal to admit it at that time was not error.
Judgment affirmed.